## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CHRISTOPHER THORNE,

      Plaintiff,

v.

JOHN PALMER, et al.,

      Defendants.

Case No. 5:12-cv-261/RS/CJK

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## SECOND MOTION TO DISMISS

Plaintiff responds to Defendant's Second Motion to Dismiss as follows:

1. Defendants Palmer and Page seek dismissal of Plaintiff's Amended Complaint under the following theories:

   a. That since Defendant Palmer was not at the scene of the beating and since all allegations as to him are no more than "threadbare recitals" and "conclusory statements," Palmer should be dismissed from the lawsuit.

   b. That since Plaintiff has not alleged how Defendant Page knew Plaintiff would be beaten or what her proximity was to the scene of the beating, it is not plausible to allege she was in a position to intervene in the beating.

   c. Plaintiff has not made specific factual allegations to support a claim of deliberate indifference as to Defendant Palmer.

d. That Plaintiff has not sufficiently alleged how the Warden and officers were involved in a conspiracy since he does not say how they conspired in how the abuse was planned, carried out, acquiesced, and covered up.

2. Plaintiff responds as follows:

a. Defendant Palmer need not have been at the scene of the beating, nor need he have been aware in advance that the harm that befell Plaintiff would befall him rather than someone else in Plaintiff's circumstances.

b. Defendant Page is alleged to have been near enough to the beating to hear the sounds of the beating in the hallway and could further allege that she was about 20 feet from the scene of the beating when it started.

c. Plaintiff has provided an adequate factual basis for his allegations of Defendant Palmer's deliberate indifference.

d. Plaintiff has made sufficient allegations to establish a claim for conspiracy.

e. To the extent that the allegations of the Amended Complaint are inadequate, Plaintiff is able to amend to allege adequate facts.

## MEMORANDUM OF LAW

### A. Legal Standard

A complaint must contain "a short and plain statement" showing "the grounds for the court's jurisdiction" and "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint may be dismissed under Rule 12(b)(6) when a complaint fails "to

state a claim upon which relief can be granted." A claim will survive a motion to dismiss if the complaint's "non conclusory factual content, and reasonable inferences from that content" plausibly suggest that the plaintiff is entitled to the requested relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 555 U.S. 662 (2009)) (internal quotation marks omitted).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, "to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* at 1216.

If pleadings prove inadequate, unless amendment would be futile, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2).

**B.  Plaintiff's Allegations Are Neither Threadbare Nor Conclusory**

It is disingenuous for Defendants to claim that Plaintiff's 11-page, 75 paragraph Complaint is a "threadbare recital of the elements of a cause of action, supported by mere conclusory statements." In fact a great deal of detail is provided, despite the fact

that Fed.R.Civ.P. 8 only requires a short, plain, statement, and there is no "heightened pleading" standard for civil rights cases in the Eleventh Circuit. *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

### C. Plaintiff Has Sufficiently Alleged A Violation by Palmer

Plaintiff has alleged that Warden Palmer was aware that the officers involved had a propensity for treating inmates with unnecessary roughness. Plaintiff could further allege that Warden Palmer had a reputation for turning a blind eye to unnecessary violence by prison personnel and was aware of a tradition of officers "punishing" inmates for perceived disrespect to nursing staff.

A jury could infer that Warden Palmer condoned and ratified the beating from the fact that he ignored the disinterested testimony of an employee clerk who witnessed the beating as it took place in the hallway of the medical building within sight of the nurses' station. Plaintiff could further allege that the clerk's description of the beating was unequivocal while the officers denied any use of force, the clerk continues to be employed at Apalachee Correctional Institution and was not disciplined for making a false statement. These facts could give rise to an inference that Palmer failed to discipline or terminate the officers knowing they had used excessive force on an inmate.

Although initially Nurse Harrell denied that Plaintiff had any injuries, after the clerk's statement, another medical examination documented that Plaintiff received

injuries for which no explanation other than beating has been advanced. Again, the defendant officers deny having used any force for any reason.

Although an administrator's subsequent conduct once a violation has occurred cannot serve as evidence of notice, it can be circumstantial evidence that the wrongful acts were consistent with a custom and practice condoned by the administrator. See *Campbell v. Broward Sheriff's Office*, 2011 WL 1134322, *4 (S.D. Fla. 2011), *citing Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir.1985) (subsequent conduct by officials may be used to prove the existence of a pre-existing policy); *Young v. Eslinger*, 2006 WL 2854997, *4 (M.D. Fla. Sept. 29, 2006) ("It may be that, under certain circumstances, a policymaker's after-the-fact failure to punish may suggest that his or her employees were acting pursuant to a policy or custom."); *see also Keys v. City of Harvey*, No. 92 C 2177, 1996 WL 34422 (N.D.Ill. Jan.26, 1996).

### D.  Plaintiff Has Sufficiently Alleged A Violation by Page

The Complaint alleges that Officer Page heard the sounds of the beating. It could be inferred that she was nearby. Plaintiff could further allege that the distances in the medical building were not great. The Complaint alleges that the beating could be observed from the nurse's station. Plaintiff could further allege that Officer Page was no more than 20 feet away when Officer Moulton said to Officer Barkley, "Do you want to take him or should I?" Plaintiff could allege that the reference to "take him" did not refer to escorting because both were required to escort him, but could

only have referred to the beating. Plaintiff could allege that the beating began almost immediately after the words were spoken.

Plaintiff could also allege that Officer Page saw Officers Moulton and Barkley putting on latex gloves before taking Plaintiff. Plaintiff could allege that latex gloves were not routinely used for escorts but were used when officers anticipate intimate physical contact with an inmate, such as in a body search, or with an inmate's bodily fluids. Officer Page understood that Moulton and Barkley intended to beat Plaintiff.

Plaintiff need not allege every constituent act of a violation but only facts that give rise to a reasonable inference that the violation took place. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  The court has explained that it "[views] the allegations of the complaint as a whole." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323, 179 L. Ed. 2d 398 (2011). The facts alleged are satisfactory because when taken together – the comment, the gloves, and the distance of 20 feet – they create a plausible claim. For facial plausibility a claim must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### E.  Plaintiff Does Not Rely on Respondeat Superior As to Palmer

Defendants wrongly allege that Plaintiff claims respondeat superior liability as to Warden Palmer. Plaintiff has not pled any form of vicarious liability as to Palmer

but rather to deliberate indifference in the training, retention and supervision of his officers where such indifference was substantially certain to cause injury of the sort actually inflicted to a person in the circumstances in which Plaintiff was injured. This is actionable under 42 U.S.C. § 1983 as a direct violation attributable to the official who was deliberately indifferent. The inadequacy of training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989). Here the inadequacy of training led to regular accepted beatings. In *Canton*, the Supreme Court explained that, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers…can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. Liability occurs when, "the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights. Id. at 389-91; *see also Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1555 (11th Cir.1989); *Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Here the concept can be drawn. There was a policy of inadequate supervision of these types of force, where officers "tuned up" inmates who they believed had insulted nurses (here, by saying "are you kidding?" It was understood to be acceptable and therefore the policy

causes the employees to violate constitutional rights.  Plaintiff has pled that it was a common practice for corrections officers at Apalachee C.I. to summarily "tune up" inmates who they believed were disrespectful to nurses (in this case, by saying, "Are you kidding?" and could further allege that Warden Palmer was aware and had good reason to be aware of those practices.

**F.  Plaintiff Has Made Sufficient Allegations for a Conspiracy Claim**

Plaintiff has sufficiently made a conspiracy claim. The officers who conducted the beating and those who failed to intervene and helped to cover up, including the nurses who instigated the events, one of whom has pled that she was not an FDOC employee, were sufficiently involved in planning, carrying out, acquiescing in, and carrying out the constitutional abuses.

Defendants appear to argue that conspiracy allegations are subject to a heightened pleading standard. The United States Supreme Court has rejected that proposition, holding that courts have no authority to create exceptions to the 'simplified pleading standard' generally applicable under the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992 (2002); *N. Jackson Pharmacy, Inc. v. Express Scripts Inc.*, 345 F. Supp. 2d 1279, 1287 (N.D. Ala. 2004); *See also Randall v. Scott, supra.*  Therefore, the plaintiff need only make the "plain statement" required by the Federal Rules.

Furthermore, "a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. [citation omitted]"

The partners in the conspiracy must share the same objective and may divide up the work, yet each is responsible for the acts of each other. *Pinkerton v. United States*, 328 U.S. 640, 646, 66 S.Ct. 1180, 1183–1184, 90 L.Ed. 1489 (1946) ("And so long as the partnership in crime continues, the partners act for each other in carrying it forward"). If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators." *Salinas v. United States*, 522 U.S. 52, 63-64, 118 S. Ct. 469, 477, 139 L. Ed. 2d 352 (1997). To the extent that Plaintiff has not sufficiently elaborated facts that would support a claim to conspiracy, he is able to do so at this early stage of proceedings.

### G.  Plaintiff Can Plead Additional Facts If Necessary

Plaintiff has pled his case with ample factual substance which supports or gives rise to inference that support his claims. Eleven pages and 75 paragraphs are hardly "threadbare recitations" of the elements of the claims. However to the extent that Plaintiff has not sufficiently elaborated the facts, he is still able to do so at this early stage of the proceedings. As noted previously, unless amendment would be futile, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2). See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. "In the absence of any apparent or declared reason…the leave sought should, as the rules require, be 'freely given.' …outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

9

inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83

S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

### H. Conclusion

Based on the above argument and citation to authority, Plaintiff asks that this

Court DENY Defendants Second Motion to Dismiss.

Respectfully Submitted,

*s/ James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

Plaintiff has served the above document by Electronic Filing on 05/16/2013 on all
attorneys of record registered to be notified by the CM/ECF electronic mail system
and by U.S. Mail on all parties not so registered.

*s/ James V. Cook*